STATE OF NORTH CAROLINA  IN THE GENERAL COURT OF JUSTICE
CABARRUS COUNTY  SUPERIOR COURT DIVISION
 24 CVS _____

FILED
2024 MAR -8 A 9:48
CABARRUS CO., C.S.C.
BY MB

DINAH LILLY,

    Plaintiff,

v.

SWIFT RESPONSE, LLC,

    Defendant.

**COMPLAINT**
**(Jury Trial Demanded)**

NOW COMES, Plaintiff Dinah Lily, by and through undersigned counsel of record, complaining of Defendant, and hereby alleges and says as follows:

## PARTIES, JURISDICTION & VENUE

1. Plaintiff, Dinah Lily (hereinafter "Plaintiff"), is a resident of Concord, Cabarrus County, North Carolina.

2. Upon information and belief, Defendant Swift Response LLC (hereinafter "Defendant"), is a Florida Company, doing business and distributing products in the state of North Carolina.

3. All the events herein complained of occurred in Concord, Cabarrus County, North Carolina. All parties are subject to the jurisdiction of the courts of North Carolina pursuant to N.C. Gen. Stat. § 1-75.4, and Cabarrus County is the proper venue pursuant to N.C. Gen. Stat. § 1-82.

## NATURE OF THE CASE

4. The preceding paragraphs are hereby alleged as if fully restated herein.

5. This case arises as a result of an April 3, 2021, incident in which Plaintiff was injured as a result of the negligence of Defendant.

## FACTS

6. The preceding paragraphs are hereby alleged as if fully restated herein.

7. Defendant manufactures, markets, sells and distributes the Flex Seal Liquid Rubber which is a product that sprays out as a thick liquid, seeps into cracks and holes and dries to a watertight, flexible, rubberized coating.

8. Based on information and belief, Defendant has received numerous complaints that its Flex Seal Liquid Rubber can would spontaneously combust.

9. Plaintiff Dinah Lily had a can of Flex Seal in her kitchen cabinet.

10. On April 3, 2021, Plaintiff reached into the upper cabinet where a can of Flex Seal which she had stored in the cabinet had leaked from the bottom spilling along the cabinet.

11. Plaintiff attempted to remove the can to clean up the spill when the top of the can suddenly and without warning combusted, striking her in the face and spraying the rubber-like substance on her face, glasses, mouth, up her nose, and into her air passageways.

12. Plaintiff's was in immediate pain and sought emergency room care.

13. On or about April 4, 2021, Plaintiff sought treatment at Atrium Health Urgent Care Cabarrus complaining of a facial injury, swollen lips, gums, blurred vision and a headache.

14. Plaintiff returned to Urgent Care on April 14, 2021, due to increased itching, hives, lips and eye swelling.

15. Plaintiff suffered from symptoms of sore throat, persistent cough, facial rash, itching, recurrent hives, memory loss, shortness of breath, tremors, shakiness in her legs, and other neurological effects.

16. Plaintiff required ongoing medical treatment.

## NEGLIGENCE

17. The preceding paragraphs are hereby alleged as if fully restated herein.

18. In the ordinary course of business, Defendant designed, manufactured, sold, distributed and marketed Flex Seal Liquid Rubber.

19. The can and/or the liquid it contained had design and or manufacturing defects when stored in a climate-controlled environment.

20. The product was and is unreasonably dangerous and defective to store around human beings because, among other reasons, it could spontaneously combust and spray toxic liquid.

21. As a direct and proximate result of the above-described defects Plaintiff suffered serious personal injury.

22. Defendant knew or had reason to know that because of its defects the can and/or the liquid could not be safely be stored.

23. With that knowledge, in conscious disregard for the safety of the public, Defendant placed the product on the market without warning consumers or the unknowing public of the defects and dangers.

24. Defendant, by placing the defective and dangerous product on the market, expressly and impliedly represented that it was safe for the purpose for which it was intended.

25. As a direct and proximate result of the defects and the failure to warn, Plaintiff sustained serious personal injuries.

26. Defendant failed to use ordinary care to manufacture or design the product to be reasonably safe.

27. As a direct and proximate result of the above-described defects in the cast, Plaintiff suffered serious personal injuries.

## DAMAGES

28. All preceding paragraphs are hereby alleged as if fully restated herein.

29. As a direct and proximate result of the aforesaid negligence of the Defendant, the Plaintiff sustained injuries to her body and person accompanied by both physical and mental pain and suffering. Plaintiff is informed, believes and therefore alleges that she is entitled to recover for her injuries and damages an amount in more than $25,000.

**WHEREFORE**, Plaintiff, by and through undersigned counsel of record, respectfully prays of the Court as follows:

1. That Plaintiff have and recover of Defendant a judgment more than $25,000.00 for compensatory damages, plus pre-judgment interest from the date of the filing of this action and post-judgment interest until any verdict is paid pursuant to N.C.G.S. §§ 24-1 and 24-5;
2. That the Defendants be taxed with the costs of this action;
3. That Plaintiff recover reasonable attorney's fees as provided by North Carolina law;
4. That Plaintiff receive a trial by jury on all issues triable by jury;
5. For other such relief to which Plaintiff may be entitled given the allegations set forth herein; and,
6. For any such other and further relief as the Court may deem just and proper.

THIS is the 8th day of March, 2024.

*signature*
Charles Ali Everage, NC Bar No. 28267
Attorneys for Plaintiff
**Hunter & Everage, PLLC**
Post Office Box 25555
Charlotte, NC 28229
Telephone: 704-377-9157
Facsimile: 704-377-9160
cae@hunter-everage.com
nep@hunter-everage.com

4